UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD L. McCOY,

    Petitioner,

v.                                              CASE NO. 8:14-cv-1508-T-23TGW

WARDEN CHRISTOPHER ZYCH,

    Respondent.
_____/

**O R D E R**

    McCoy applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 1989 state conviction for both possessing and selling cocaine, for which he received two years of supervised release. McCoy is no longer in custody for the 1989 conviction and the application is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 application for habeas corpus).

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Because his conviction was final in 1989 before the enactment of these provisions, McCoy's limitation began on April 24, 1996, when the limitation was enacted, *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000), and the applicable limitation barred his claim one year later absent tolling attributable to a timely, post-conviction application in state court.  McCoy identifies no timely, post-conviction application.  McCoy has commenced this federal action nearly two decades late.

Additionally, even if he could qualify for a delayed start of the limitation, McCoy is no longer "in custody" based on the 1989 conviction.  A petitioner cannot challenge the validity of a state court conviction unless confined based on the challenged conviction:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is **in**

>	**custody** in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). McCoy was sentenced to two years of supervised release, which would have concluded in 1991. Consequently, because he is no longer "in custody pursuant to the judgment of a State court" based on the conviction he challenges in this case, McCoy cannot proceed with his application for the writ of habeas corpus. "The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

McCoy is imprisoned for life without parole based on his conviction in *United States of America v. Williams, et. al.*, 8:90-cr-132-T-17EAK.[*] The state conviction McCoy attempts to challenge enhanced his federal sentence. McCoy cannot, however, challenge the fully completed sentence, even though used to enhance his later federal sentence, because if "a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the

---

[*] The court's docket shows that McCoy's repeated challenges to his federal conviction or sentence were unsuccessful. *See United States of America v. Williams, et. al.*, 8:90-cr-132-T-17EAK (Docs. 971, 995, 999, 1001, 1003, 1006, 1008, 1011, 1013, 1016, 1018, 1021, 1023, and 1029), and *McCoy v. United States of America*, 8:11-cv-383-T-23TGW (Doc. 5). Twice McCoy was ordered "to desist from filing further motions" in the criminal case. (Docs. 1013 and 1021)

defendant did so unsuccessfully), then that defendant is without recourse." *Daniels v. United States*, 532 U.S. 374, 382 (2001).

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against McCoy and close this case.

ORDERED in Tampa, Florida, on July 1, 2014.

	_____
	STEVEN D. MERRYDAY
	UNITED STATES DISTRICT JUDGE